UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT CAMPBELL, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | No._____ |
| v. | § § | |
| ROYAL INDEPENDENT SCHOOL DISTRICT, | § § § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Robert Campbell (referred to as "Plaintiff" or "Campbell") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendant Royal Independent School District (referred to as "Defendant" or "RISD"). In support thereof, he would respectfully show the Court as follows:

### I.  Nature of Suit

1. Campbell's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a).  To achieve its

humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. RISD violated the FLSA by employing Campbell and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. RISD violated the FLSA by failing to maintain accurate time and pay records for Campbell and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Campbell brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Campbell's claims occurred in the Houston Division of the Southern District of Texas.

### III.  Parties

8. Plaintiff Robert Campbell is an individual who resides in Austin County, Texas and who was employed by RISD during the last three years.

9. Defendant Royal Independent School District is a political subdivision of the State of Texas that may be served with process pursuant to Tex. Civ. Prac. & Rem. Code § 17.024 by serving the president of the school board or the superintendent at 3714 FM 359, Pattison, Texas  77466.

10. Whenever it is alleged that RISD committed any act or omission, it is meant that district's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of RISD or was done in the routine and normal course and scope of employment of the district's officers, directors, vice-principals, agents, servants or employees.

### IV.  Facts

11. RISD is an independent school district located in the territorial jurisdiction of this Court.

12. RISD employed Campbell as a peace officer from March 2010 through July 2016.

13. During Campbell's employment with RISD, he was covered by the FLSA.  29 U.S.C. §§ 203(c), (e)(2)(C), (x); *see also, Hoff v. Nueces Co., Tex.*, 153 S.W.3d 45, 47 (Tex. 2004) (political subdivisions not entitled to sovereign immunity for FLSA claims).

14. RISD paid Campbell on a salary basis without overtime.

15. During Campbell's employment with RISD, he regularly worked in excess of forty hours per week.

16. RISD knew or reasonably should have known that Campbell worked in excess of forty hours per week.

17. RISD did not pay Campbell overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

18. Instead, RISD paid Campbell a fixed salary that did not take into consideration the number of hours worked.

19. In other words, RISD paid Campbell for his overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

20. RISD knew or reasonably should have known that Campbell was not exempt from the overtime provisions of the FLSA.

21. RISD failed to maintain accurate time and pay records for Campbell as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

22. RISD knew or showed a reckless disregard for whether its pay practices violated the FLSA.

23. RISD is liable to Campbell for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

24. All peace officers employed by RISD are similarly situated to Campbell because they (1) have similar job duties; (2) regularly work in excess of

forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from RISD pursuant to 29 U.S.C. § 216(b).

### V. Count One—
### Failure To Pay Overtime
### in Violation of 29 U.S.C. § 207(a)

25. Campbell adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

26. During Campbell' employment with RISD, he was a nonexempt employee.

27. As a nonexempt employee, RISD was legally obligated to pay Campbell "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

28. RISD did not pay Campbell overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

29. Instead, RISD paid Campbell a fixed salary that did not take into consideration the number of hours worked.

30. In other words, RISD paid Campbell for his overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

31. If RISD classified Campbell as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the district's noncompliance with the overtime requirements of the FLSA.

32. RISD knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, RISD willfully violated the overtime requirements of the FLSA.

## VI.  Count Two—
## Failure To Maintain Accurate Records
## in Violation of 29 U.S.C. § 211(c)

33. Campbell adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

34. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

35. In addition to the pay violations of the FLSA described above, RISD also failed to keep proper time and pay records as required by the FLSA.

## VII.  Count Three—
## Collective Action Allegations

36. Campbell adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

37. On information and belief, other employees have been victimized by RISD's violations of the FLSA identified above.

- 7 -

38.    These employees are similarly situated to Campbell because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

39.    RISD's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

40.    Since, on information and belief, Campbell's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

41.    All employees of RISD, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The Class is therefore properly defined as:

>    All patrol officers employed by RISD during the last three years.

42.    RISD is liable to Campbell and the other patrol officers for the difference between what it actually paid them and what it was legally obligated to pay them.

43. Because RISD knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Campbell and the peace officers their unpaid overtime wages for at least the last three years.

44. RISD is liable to Campbell and the other peace officers in an amount equal to their unpaid overtime wages as liquidated damages.

45. RISD is liable to Campbell and the other peace officers for their reasonable attorneys' fees and costs.

46. Campbell has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Jury Demand

47. Campbell demands a trial by jury.

## IX.  Prayer

48. Campbell prays for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. judgment awarding Campbell and the other peace officers all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. prejudgment interest at the applicable rate;

   d. postjudgment interest at the applicable rate;

   e. incentive awards for any class representative(s); and

   f. all such other and further relief to which Campbell and the other peace officers may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: /s/ Melissa Moore
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF ROBERT CAMPBELL**